## FREEMAN, NOOTER & GINSBERG
### ATTORNEYS AT LAW

LOUIS M. FREEMAN
THOMAS H. NOOTER*
LEE A. GINSBERG

*NY AND CALIF. BARS

75 MAIDEN LANE
SUITE 503
NEW YORK, N.Y. 10038

(212) 608-0808
TELECOPIER (212) 962-9696

February 11, 2021

2/12/2021
The terms of supervision are modified to
home detention, not home confinement.
SO ORDERED.

*Paul A Crotty*

Hon. Paul A. Crotty
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

Letter Motion
To Order Probation Department
to Terminate Home Confinement

RE:    United States v. James Lyle, (S-3)14 Cr. 189 (PAC)

Your Honor:

On August 6, 2020, this Court granted a motion for "compassionate release" in a written order filed on that date, which stated that the conditions upon release would be as follows:

"... His five-year term of supervised release remains imposed, and the Defendant shall serve the first six months on home incarceration, monitored by technology determined by the Probation Department at a residence approved by Probation...."

Pursuant to this order Mr. Lyle was released on August 7, 2020 and went directly to his home that date, where he has remained pursuant to the terms of the order without any violations thereof.

Near the end of the six-month period Mr. Lyle had an exchange with his Probation Officer (P.O. Deanna M. Paige, in the White Plains office), about when the termination of the home incarceration would occur. Attached is a copy of a text exchange between my client and his Probation Officer wherein she originally said

the termination would be at 11:59pm on February 10, 2021 (which just passed), and then corrected herself to say that it had ended on February 6, 2021 at midnight, pursuant to which Mr. Lyle took his first steps outside of his home since he got home on August 7, 2020 today.

Mr. Lyle was then informed by P.O. Paige that she had made an error (again) and that he will not be taken off the home incarceration or electronic monitoring for another several weeks because when he got home in August he was under quarantine for 14 days, and they did not set up the monitoring equipment until after the quarantine period (during which, of course, Mr. Lyle was "incarcerated" at home).

Mr. Lyle was able to find a new job which for which he is supposed to appear on Monday for his first day on the job, and fears that he will lose the job if he cannot go.

It seems to me that the "home incarceration" was completed six months after he arrived at home, just as P.O. Paige most recently said in her text message. The fact that the electronic monitoring was started several weeks later should not affect whether Mr. Lyle can leave his home – particularly for work.

I therefore ask that the Court issue a directive to the Probation Department to deem the home incarceration has now been completed, and that he specifically be allowed to go to his new job starting Monday, February 15, 2021.

Thank you.

Sincerely,

*/s/ Thomas H. Nooter*
Thomas H. Nooter
Attorney for James Lyle

cc:    AUSA Emil Bove, Esq., by email